IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY ZIMMER                                                                                                                    PLAINTIFF

vs.                                        Civil No. 2:18-cv-02156

NANCY A. BERRYHILL                                                          DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Terry Zimmer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed his disability application on December 16, 2015. (Tr. 14). In his application, Plaintiff alleges being disabled due to an injury in his leg from an auto accident, degenerative back disease, "three screws in hip chronic pain," problems in both his knees, panic attacks, and anxiety. (Tr. 199). Plaintiff alleges an onset date of July 20, 2002. (Tr. 14). This application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing in this matter, and this hearing was held on November 8, 2016 in Fort Smith, Arkansas. (Tr. 34-62). At this hearing, Plaintiff was present and

was represented by Nicholas Coleman. *Id.* Plaintiff and Vocational Expert ("VE") Tanya Owen testified at this hearing. *Id.*

After this administrative hearing, the ALJ entered a fully unfavorable decision on Plaintiff's application. (Tr. 11-26). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 16, 2015, his application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease (disorders of the back–discogenic and degenerative); and injuries post auto accident. (Tr. 16-17, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and or walk for 6 hours in an 8-hour workday with normal breaks and sit for 6 hours in an 8-hour workday, with normal breaks. Push and pull limitations pursuant to the lift/carry limitations. The claimant would be able to stoop, kneel, crouch and crawl occasionally. Foot control operations on the left would be occasional.

*Id.* The ALJ determined Plaintiff was thirty-six (36) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.964(c), on his date last insured. (Tr. 20, Finding 6). The ALJ also determined Plaintiff had a limited education and was able to communicate in English. (Tr. 20,

Finding 7).

Considering his RFC, the ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 20, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as the following: (1) assembler (circuit board) (sedentary, unskilled) with 34,000 such jobs in the national economy and 200 such jobs in the region; (2) document preparer (sedentary, unskilled) with 23,000 such jobs in the national economy and 3,100 in the local region; and (3) driver (sedentary, unskilled) with 50,000 such jobs in the national economy and 1,500 such jobs in the region. (Tr. 21). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from December 16, 2015 (application date) through September 25, 2017 (ALJ's decision date). (Tr. 22, Finding 10).

Plaintiff then requested the Appeals Council's review of this unfavorable decision. On July 9, 2018, the Appeals Council denied this request for review. (Tr. 1-7). Thereafter, on September 7, 2018, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 15-16. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15. Specifically, Plaintiff raises two arguments for reversal: (1) the ALJ improperly found Plaintiff did not require the use of assistive device when ambulating; and (2) the ALJ erred in evaluating Plaintiff's mental RFC. *Id.* Because the Court finds the ALJ erred in evaluating Plaintiff's use of an assistive device, the Court will only address the first issue Plaintiff has raised.

Plaintiff claims the ALJ improperly found he did not require the use of assistive device while walking or ambulating. ECF No. 15 at 1-3. In his opinion, the ALJ based this finding largely on his determination that Plaintiff's consulting examiner, as a part of an orthopedic examination, found he did not require the use of an assistive device while ambulating: "He [Plaintiff] used a cane in his left hand to assist with ambulation, but Dr. Honghiran noted this was not necessary." (Tr. 19).

Upon review of his report, however, Dr. Honghiran *did find* Plaintiff required the use of a cane to ambulate and found Plaintiff could only walk *one block* without a cane. (Tr. 342). Indeed, it appears the ALJ considered the initial part of Dr. Honghiran's report but did not consider all of his findings. *Id.* Thus, the Court cannot find that the ALJ's determination–that Plaintiff is unable to ambulate without assistance–is supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of June 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE